IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MARCUS ONEIL LAQUIENT OWENS                                              PLAINTIFF

v.                         Civil No. 6:22-cv-06108-SOH-BAB

LIEUTENANT R. STROTHER                                                   DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Plaintiff's failure to obey two Court orders and failure to prosecute this case.

### I.  BACKGROUND

Plaintiff filed his Complaint on October 14, 2022. (ECF No. 1). He was granted in forma pauperis ("IFP") status on that same day. (ECF No. 3). In the IFP Order, Plaintiff was advised he must inform the Court of any address change within 30 days or his case would be subject to dismissal. (*Id*.). On November 3, 2022, the Court entered an Order directing Plaintiff to submit an Amended Complaint to correct deficiencies in his initial Complaint by November 25, 2022. (ECF No. 6). This Order was not returned as undeliverable. When Plaintiff failed to submit his Amended Complaint, the Court entered a Show Cause Order directing Plaintiff to respond by January 9, 2023. (ECF No. 7). Both Orders advised Plaintiff that failure to respond by the deadline would result in the dismissal of his case.

On February 10, 2023, the Show Cause Order was returned as undeliverable, indicating Plaintiff was no longer incarcerated in the Arkansas Division of Correction Omega Unit, and

1

providing a forwarding address to a free-world address. (ECF No. 8). The Show Cause Order was resent to the forwarding address. The Order has not been returned as undeliverable. To date, Plaintiff has failed to submit an Amended Complaint or his Show Cause Response and has not communicated with the Court since filing his Complaint on October 14, 2022.

## II. LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III. ANALYSIS

Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2). Plaintiff has failed to comply with two Court Orders. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local

Rule 5.5(c)(2) Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

## IV. CONCLUSION

Accordingly, it is recommended that Plaintiff's Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **23rd day of February 2023**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE